**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDVERID CRIDVID CASTRO GARCIA, | No. 11-71670 |
| Petitioner, | Agency No. A074-794-482 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015**
Pasadena California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,*** District Judge.

Edverid Cridvid Castro Garcia, a Guatemalan citizen and indigenous

Cakchiquel Mayan, petitions for review of the Board of Immigration Appeals'

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

dismissal of his appeal from the Immigration Judge's denial of his applications for withholding of removal under the Immigration and Nationality Act and withholding and deferral of removal under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We **DENY** the petition.

The BIA did not err in applying *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002), to determine that Castro Garcia's 1991 conviction for violating California Health and Safety Code § 11351.5 is a particularly serious crime barring his applications for withholding of removal. *Miguel-Miguel v. Gonzales*, 500 F.3d 941 (9th Cir. 2007), did not create a per se rule that application of *Y-L-* to all criminal convictions entered prior to 2002 is impermissible. *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 519-20 (9th Cir. 2012) (en banc). Under a proper, individualized analysis of the factors identified in *Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982), application of *Y-L-* to Castro Garcia's case was not impermissibly retroactive.

First, at the time Castro Garcia pled guilty to § 11351.5, his crime was per se a particularly serious crime. *Miguel-Miguel*, 500 F.3d at 946. Second, Castro Garcia cannot be said to have relied on the former state of the law to his detriment when he affirmatively applied for asylum, thereby alerting immigration authorities to his unlawful presence, because he had no vested right to continue residing

unlawfully in the United States. *See Garfias-Rodriguez*, 702 F.3d at 522; *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602 (9th Cir. 2002).

The BIA also did not err in affirming the IJ's denial of Castro Garcia's deferral of removal application. The BIA explicitly incorporated page 13 of the IJ decision, which considers the relevant record evidence, including the testimony of Castro Garcia's expert, in concluding that Castro Garcia failed to show a likelihood of torture if removed to Guatemala. Substantial evidence supports that conclusion, namely the fact that although there is evidence in the record showing that individuals who express pro-labor or pro-indigenous-rights stances or who investigate government-involved murders may be at risk of harm by the Guatemalan government, the extent of Castro Garcia's future involvement in such conduct and the likelihood it would become known to the government and that the government would react by torturing Castro Garcia are speculative. *See Abufayad v. Holder*, 632 F.3d 623, 632-33 (9th Cir. 2011); *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**